**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 9 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JIMMY ASHLEY,
an individual,

     Plaintiff,

                          CASE NO: 3:16-CV-00321-DPM

vs.

OTB ACQUISITION, LLC d/b/a
ON THE BORDER MEXICAN GRILL
& CANTINA

     Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Jimmy Ashley ("Plaintiff") by and through the undersigned counsel, hereby files

this Complaint and sues OTB Acquisition, LLC d/b/a On The Border Mexican Grill& Cantina, for

injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with

Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the

Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").

This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C.

§1391 (B) and Local Rules of the United States District Court for the Eastern District of Arkansas.

3.     Plaintiff, Jimmy Ashley (hereinafter referred to as "Ashley") is a

resident of Jonesboro, Arkansas and is a qualified individual with a disability under the ADA.

Ashley suffers from what constitutes a "qualified disability" under the Americans with Disabilities

Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from paraplegia and requires the use of a wheelchair for mobility.  Prior to instituting the instant action, Ashley visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Ashley continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, OTB Acquisition, LLC d/b/a On The Border Mexican Grill& Cantina, is a limited liability company registered to do business and, in fact, conducting business in the State of Arkansas.  Upon information and belief, OTB Acquisition, LLC d/b/a On The Border Mexican Grill& Cantina. (hereinafter referred to as "OTB") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically:  On The Border Mexican Grill and Cantina located at 2324 Red Wolf Boulevard in Jonesboro, Arkansas (hereinafter referred to as "Restaurant").

5.      All events giving rise to this lawsuit occurred in the Eastern District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by OTB is a place of public accommodation in that it is restaurant operated by a private entity that provides goods and services to the public.

8.      Defendant, OTB, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9.      The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Restaurant owned by OTB.  Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. Specifically, Plaintiff was not able to sit at the bar due to the failure to provide wheelchair accessible seating positions at the bar. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. Ashley has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.      Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.      OTB is in violation of 42 U.S.C. §12181, *et seq*,. 28 C.F.R. §36.304 and 28 C.F.R. §36.401, *et seq*. and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

      i.      There are no wheelchair accessible seating positions provided at the bar;

      ii.     There are an insufficient number of wheelchair accessible seating positions provided throughout the restaurant.

13.     Defendant newly constructed the Restaurant after March 15, 2012, and has failed to comply with the new construction accessible seating requirements of Sections 226.1, 305, 306 and 902 of the current ADA Standards as codified at 36 C.F.R. Part 1191, Appendices B and D.

14.     There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by OTB that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

15.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by OTB pursuant to 42 U.S.C. §12205.

17.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against OTB and requests the following injunctive and declaratory relief:

      A.     That the Court declare that the property owned and administered by

Defendant is violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 5th day of December, 2016.

Respectfully submitted,

By: _____
       Edward I. Zwilling, Esq.
       Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:    (205) 822-2701
Facsimile:    (205) 822-2702
Email:        ezwilling@szalaw.com